

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-09-378-CV

NATIONAL TRANSMISSION                                                    APPELLANT

V.

BRIAN BOLTZ                                                                 APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant National Transmission attempts to appeal from a final judgment in favor of Appellee Brian Boltz. Because National Transmission's notice of appeal was untimely filed, we dismiss the appeal for want of jurisdiction.

The trial court signed the judgment at issue on June 30, 2009. Accordingly, National Transmission's notice of appeal was due thirty days later,

---

[1] *... See* Tex. R. App. P. 47.4.

on July 30, 2009. *See* Tex. R. App. P. 26.1 (providing that the notice of appeal must be filed within thirty days after the judgment is signed).[2] National Transmission filed its notice of appeal on October 20, 2009.

Because National Transmission's notice of appeal appeared to be untimely filed, we notified it on October 28, 2009, of our concern that this court might not have jurisdiction over its appeal. We informed it that unless it or any party desiring to continue the appeal filed with the court, on or before November 9, 2009, a response showing grounds for continuing the appeal, this appeal would be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. National Transmission has failed to file a response.

The times for filing a notice of appeal are mandatory and jurisdictional, and absent a timely filed notice of appeal or extension request, we must dismiss the appeal. *See* Tex. R. App. P. 25.1(b), 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Because National Transmission's notice of

---

[2] There are exceptions to the thirty-day requirement, but none would appear to apply here. *See* Tex. R. App. P. 25.1(d)(7) (setting out the requirements for a notice of appeal in a restricted appeal), 26.1(a)(1)–(4) (setting out how to extend filing deadline from thirty days to ninety), 26.1(c) (stating that the deadline for filing a restricted appeal is six months after the judgment is signed), 26.3 (stating the rule for requesting an extension of time to file a notice of appeal), 30 (addressing restricted appeals).

appeal was not timely filed, we dismiss its appeal for want of jurisdiction.  *See*

Tex. R. App. P. 42.3(a), 43.2(f).

PER CURIAM

PANEL:  MCCOY, J.; CAYCE, C.J.; and MEIER, J.

DELIVERED: December 23, 2009